UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY CALCHI, *individually and on behalf of all others similarly situated*,<br><br>                              Plaintiff,<br><br>          v.<br><br>GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, GSK CONSUMER HEALTH, INC., AND PFIZER, INC.<br><br>                              Defendants. | No. 22-CV-1341 (KMK)<br><br>ORDER |

Appearances:

Simon C. Franzini, Esq.
Jonas B. Jacobson, Esq.
Dovel & Luner, LLP
Santa Monica, CA
*Counsel for Plaintiff*

Craig M. Cepler, Esq.
James R. Denlea, Esq.
Jeffrey I. Carton, Esq.
Philip M. Smith, Esq.
Steven R. Schoenfeld, Esq.
Denlea & Carton LLP
White Plains, NY
*Counsel for Plaintiff*

Franco A. Corrado, Esq.
J. Gordon Cooney, Jr., Esq.
Grant R. MacQueen, Esq.
Morgan Lewis & Bockius, LLP
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Nancy Calchi ("Plaintiff") brings this Action, individually and on behalf of all others similarly situated, against GlaxoSmithKline Consumer Healthcare Holdings (US) LLC and GSK Consumer Health, Inc. (collectively, "Defendants"). (*See generally* Consol. Class Compl. ("Compl.") (Dkt. No. 31).)[1] Plaintiff claims that Defendants' labelling of its cough medicine products containing dextromethorphan hydrobromide ("DXM") as "Non-Drowsy" is false and materially misleading to reasonable consumers who purchased the products, including Plaintiff. (See *Id.* ¶¶ 70–99.) Plaintiff alleges, on behalf of herself and a consumer protection subclass, violations of the consumer protection acts of California, Connecticut, Illinois, Washington, Maryland, and Washington, D.C. (*Id.* at ¶¶ 70–75.) Plaintiff also alleges, on behalf of herself and a New York subclass, claims under New York Gen. Bus. Law §§ 349 and 350 ("GBL"), (*id.* at ¶¶ 76–92), and, on behalf of herself and a nationwide class, breach of express warranty, (*id.* at ¶¶ 93–99). Before the Court is Defendant's Motion To Dismiss. (*See* Not. of Mot. (Dkt. No. 34).)

Defendant has provided the Court with a notice of supplemental authority, specifically, a recent decision from this District dismissing claims almost identical to those raised by Plaintiff because they were preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*. (Not. of Supp'l. Authority (Dkt. No. 43).) *See Goldstein v. Walmart, Inc.*,

---

[1] Pfizer Inc. was initially a Defendant in this Action and remains in the case caption. However, on August 4, 2022, Pfizer was dismissed without prejudice by stipulation of the Parties. (*See* Joint Stipulation (Dkt. No. 38).)

2

— F. Supp. 3d —, No. 22-CV-88, 2022 WL 16540837, at *14 (S.D.N.Y. Oct. 28, 2022), *appeal withdrawn*, No. 22-3052.[2]

Plaintiff in her briefing has relied heavily on a recent opinion from the Central District of California, *Lemus v. Rite Aid Corp.*, No. 22-CV-253, 2022 WL 2721385 (C.D. Cal. July 7, 2022), that held that claims materially identical to those raised by Plaintiff here were not preempted by the FDCA. *Id.* at *9.

Having reviewed the opinions in *Goldstein* and *Lemus*, the Court agrees with the *Goldstein* court's thorough preemption analysis, adopts its reasoning in whole, and, on that basis, dismisses Plaintiff's claims under the various state consumer protection statutes and also her breach of express warranty claim. *See Goldstein*, 2022 WL 16540837, at *4–12.

Because this is the first adjudication of his claims on the merits, Plaintiff's claims are dismissed without prejudice. If Plaintiff wishes to file an Amended Complaint alleging additional facts and otherwise addressing the deficiencies the Court has identified, Plaintiff must do so within 30 days of the date of this Order. The amended complaint will replace, not supplement, the previous complaints. The failure to timely file an amended complaint may result in the dismissal of this Action with prejudice. The Clerk of Court is respectfully directed to terminate the pending Motion. (*See* Dkt. No. 34.)

---

[2] The Court notes that the same counsel represents the plaintiffs in *Goldstein* and the instant Action. *Compare* Compl. at 29 *with Goldstein*, 2022 WL 16540837, at *1.
While the core allegations concerning the alleged deceptive use of the "Non-Drowsy" label are the same, the plaintiff in *Goldstein* alleged a violation of the Magnuson-Moss Warranty Act and also requested injunctive relief. *See* Goldstein 2022 WL 16540837, at *1. The *Goldstein* plaintiff also alleged violations of a different set of state consumer protection laws. *Compare* Compl. at 22 *with* Goldstein, 2022 WL 16540837, at *3.
Defendant has also submitted a notice of supplemental authority for a case from the Middle District of Florida that dismissed claims similar to those Plaintiff has raised here. (Not. of Supp'l. Authority (Dkt. No. 39).) *See also Amara v. Publix Supermarkets, Inc.*, No. 22-CV-367, 2022 WL 3357575, at *5 (M.D. Fla. Aug. 15, 2022).

SO ORDERED.

Dated: March 10, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge