MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
Nancy Calchi, individually and on behalf of all others             :
similarly situated,                                                :
                                                                   :
                                                                   :   Lead Case No. 7:22-cv-01341-KMK
                                                                   :
                      Plaintiff,                                   :
                                                                   :
       v.                                                          :
                                                                   :
                                                                   :
GlaxoSmithKline Consumer Healthcare Holdings (US)                  :
LLC, GSK Consumer Health, Inc., and Pfizer Inc.,                   :
                                                                   :
                      Defendants.                                  :
                                                                   :
------------------------------------------------------------------ X
                                                                   :
Stacey Papalia, on behalf of herself and all others                :
similarly situated,                                                :
                                                                   :
                                                                   :   Case No. 7:22-cv-02630-KMK
                                                                   :
                      Plaintiff,                                   :
                                                                   :
       v.                                                          :
                                                                   :
                                                                   :
                                                                   :
GlaxoSmithKline Consumer Healthcare Holdings (US)                  :
LLC,                                                               :
                                                                   :
                      Defendant.                                   :
                                                                   :
------------------------------------------------------------------ X

**JOINT MOTION FOR THE DISTRICT COURT TO PROVIDE AN INDICATIVE RULING THAT IT WILL ADJUDICATE PLAINTIFFS' ANTICIPATED MOTION TO APPROVE THE PARTIES' PROPOSED CLASS ACTION SETTLEMENT UPON REMAND BY THE SECOND CIRCUIT COURT OF APPEALS**

The Parties move this Court for entry of an indicative ruling under Federal Rule of Appellate Procedure 12.1. Rule 12.1 permits an appellate court to remand an action for the limited purpose of a District Court's consideration of a motion where the District Court indicates either that it will

grant the motion or that the motion "raises a substantial issue." F.R.A.P. 12.1. The Parties request an indicative ruling that Plaintiffs' anticipated motion for preliminary approval of a proposed nationwide class action settlement, which would resolve all claims at issue and moot the ongoing appeal, presents a "substantial issue." *See In re Frontier Comm'ns Corp.*, No. 17-cv-01617, 2022 WL 4080324, *2 (D. Conn. May 20, 2022) (noting grant of joint motion for indicative ruling to "adjudicate the parties' proposed settlement motion upon remand by the Second Circuit").

This Court dismissed this putative class action on March 10, 2023. ECF No. 45. Plaintiffs timely appealed to the United States Court of Appeals for the Second Circuit. The Parties subsequently engaged in private mediation and, after extensive negotiations, reached an agreement on the terms of a proposed nationwide class action settlement (the "Settlement"). The Parties notified the Second Circuit of their Settlement on November 17, 2023, requesting that the Second Circuit hold oral argument in abeyance so that the matter could be remanded for this Court to consider approval of the Settlement under Fed. R. Civ. P. 23(e). The Second Circuit granted the Parties' request by Order dated November 21, 2023, and the oral argument scheduled for December 1, 2023, was removed from the Second Circuit's calendar.

The Parties since have negotiated and prepared a formal written settlement agreement, which provides, among other things, for certification of a nationwide class for the purposes of settlement only and for distribution of settlement funds to a proposed settlement class. Plaintiffs' counsel also has prepared a motion for preliminary approval for this Court's consideration once jurisdiction is restored through a limited purpose remand pursuant to Rule 12.

For the above reasons, the Parties respectfully request that the Court indicate that it will adjudicate Plaintiffs' anticipated motion for preliminary approval of class action settlement upon remand by the Second Circuit by granting this joint motion. Upon entry of an indicative ruling, the

Parties will move the Second Circuit to effectuate the remand for settlement purposes only so that the approval process can proceed in this Court.  For the avoidance of doubt, by granting this Motion, the Court does not provide any ruling one way or the other on the ultimate approval of the Settlement, which will be properly and fully briefed in a separate motion to the Court once the action is remanded from the Second Circuit.

Dated:  March 21, 2024

Respectfully submitted,
DOVEL & LUNER, LLP

By:  */s/ Jonas Jacobson*
     Jonas B. Jacobson

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>   J. Gordon Cooney, Jr.<br>   Franco A. Corrado<br>2222 Market Street<br>Philadelphia, PA 19103<br>(215) 963-4806<br><br>*Counsel for Defendants* | DOVEL & LUNER, LLP<br>   Jonas B. Jacobson<br>   Simon Franzini<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, California 90401<br>(310) 656-7066<br><br>*Counsel for Plaintiffs* |

For the reasons that follow, the Court grants the Parties' joint motion for an indicative ruling that Plaintiffs' anticipated motion for preliminary approval of a proposed nationwide class action settlement "raises a substantial issue." (*See* Dkt. No. 49 (citation omitted).)

It is well-settled that the filing of a notice of appeal "divests the [lower] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, Rule 62.1 of the Federal Rules of Civil Procedure provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may[] . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). And here, given the strong and long-standing public policy in favor of the settlement of disputes, the Court concludes that Plaintiffs' anticipated motion for preliminary approval raises the requisite "substantial issue" for purposes of Rule 62.1. *See, e.g.*, *Berryman v. Avantus, LLC*, No. 21-CV-1651, 2024 WL 2108824, at *6 (D. Conn. May 10, 2024) (explaining that "[c]ourts should be mindful of the strong judicial policy in favor of settlements, particularly in the class action context' as 'the compromise of complex litigation is encouraged by the courts and favored by public policy'" (alteration adopted) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116–17 (2d Cir. 2005))); *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-CV-456, 2021 WL 7906584, at *4 (E.D.N.Y. May 25, 2021) ("Settlement of class actions and complex litigation is strongly favored by public policy and the courts."); *see also In re Frontier Commc'ns Corp.*, No. 17-CV-1617, 2022 WL 4080324, at *2 (D. Conn. May 20, 2022) (explaining that the court had "granted [a] joint motion [for an indicative ruling] and indicated that it would adjudicate the parties' proposed settlement motion upon remand by the Second Circuit").

Accordingly, the Court hereby indicates that Plaintiffs' anticipated motion for preliminary approval of a proposed nationwide class action settlement "raises a substantial issue" for purposes of Federal Rule of Civil Procedure 62.1. The Parties are therefore directed "to notify the circuit clerk" of this ruling. Fed. R. Civ. P. 62.1(b); *see also* Fed. R. App. P. 12.1(a) ("If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.").

The Clerk of Court is respectfully asked to terminate the pending motion. (*See* Dkt. No. 49.) The Clerk of Court is also respectfully asked to deliver a copy of this Order to the Clerk of the United States Court of Appeals for the Second Circuit.

SO ORDERED.

6/20/2024