## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nancy Calchi, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, and GSK Consumer Health, Inc.,<br><br>              Defendants. | Lead Case No. 7:22-cv-01341-KMK |
| Stacey Papalia, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>GlaxoSmithKline Consumer Healthcare Holdings (US) LLC,<br><br>              Defendant. | Case No. 7:22-cv-02630-KMK |

## Notice of Unopposed Motion for Final Approval of
## Class Action Settlement

PLEASE TAKE NOTICE that Plaintiffs move this Court for entry of an order that, among other things:

1.    Grants final approval of the proposed class action settlement between the Settlement Class and Haleon[1], set forth in the Settlement Agreement (ECF No. 56-2) and finding that the terms

---

[1] "Haleon" includes both Defendants GlaxoSmithKline Consumer Healthcare Holdings (US) LLC (now known as Haleon US Holdings LLC) and GSK Consumer Health, Inc. (now known as Haleon US Inc.).

1

of the settlement are fair, reasonable, adequate, and comply with Rule 23(e) of the Federal Rules of

Civil Procedure.

2.      Finally certifies, for settlement purposes only, a Settlement Class that is comprised of:

All purchasers of any flavor Robitussin product with dextromethorphan and marketed as non-

drowsy, including all Covered Products, for personal or household use, and not for resale, in the

United States during the Class Period (February 16, 2016 through January 23, 2025).[2]

Specifically excluded from the Settlement Class are (i) Haleon, its officers, directors,

affiliates, legal representatives, employees, successors, and assigns, and entities in which Haleon has

a controlling interest; (ii) judges presiding over the Litigation; (iii) local, municipal, state, and federal

governmental entities; (iv) counsel of record for the Parties; and (v) all Persons who validly opt-out

in a timely manner.

3.      Finds that the effectuated Notice Plan complied with the requirements of Rule 23 and

due process, and that the Notice was fair, adequate, and sufficient, as the best practicable notice

---

[2] The Covered Products include: Robitussin Cough+Chest Congestion DM Maximum Strength Syrups; Robitussin Cough+Chest Congestion DM Maximum Strength / Nighttime Cough DM Maximum Strength Day & Night Value Pack Syrups; Robitussin Cough+Chest Congestion DM Maximum Strength Liquid-Filled Capsules; Robitussin Cough+Chest Congestion DM Syrups; Children's Robitussin Cough & Chest Congestion DM Syrups; Children's Robitussin Cough & Chest Congestion DM / Nighttime Cough Long-Acting DM Day & Night Value Pack Syrups; Robitussin Sugar-Free Cough+Chest Congestion DM Syrups; Robitussin Honey Cough+Chest Congestion DM Maximum Strength Syrups; Robitussin Honey Cough+Chest Congestion DM Maximum Strength / Nighttime Cough DM Maximum Strength Day & Night Value Pack Syrups; Robitussin Elderberry Cough+Chest Congestion DM Maximum Strength Syrups; Children's Robitussin Elderberry Cough & Chest Congestion DM Syrups; Robitussin Severe Multi-Symptom Cough Cold + Flu CF Maximum Strength Syrups; Robitussin Severe Multi-Symptom Cough Cold + Flu CF Maximum Strength / Nighttime Severe Multi-Symptom Cough Cold + Flu CF Maximum Strength Day & Night Value Pack Syrups; Robitussin Severe Cough + Sore Throat CF Maximum Strength Syrups; Robitussin Honey Severe Cough Flu + Sore Throat CF Maximum Strength Syrups; Robitussin Honey Severe Cough Flu + Sore Throat CF Maximum Strength / Nighttime Severe Cough Flu + Sore Throat CF Maximum Strength Day & Night Value Pack Syrups; Robitussin Multi-Symptom Cold CF Syrups; Children's Robitussin Cough & Cold CF Syrups; Robitussin Long-Acting CoughGels; Robitussin 12 Hour Cough Relief Extended-Release Grape Syrups; Robitussin 12 Hour Cough Relief Extended-Release Orange Syrups.

under the circumstances, and as reasonably calculated to apprise members of the Settlement Class of the Litigation, the Settlement Agreement, their objection rights, and their exclusion rights.

    4.    Finally appoints Dovel & Luner LLP as Settlement Class Counsel and Plaintiffs Nancy Calchi and Stacey Papalia as Class Representatives.

This motion will be heard telephonically by the Honorable Kenneth M. Karas, on June 30, 2025, at 10:00 AM EST.

This Motion is based on this Notice of Motion and Motion for Final Approval of Class Action Settlement; the concurrently filed Memorandum of Points and Authorities; the declarations filed concurrently with this motion; all other pleadings and papers filed in this action, and any argument or evidence that may be presented at the hearing in this matter. This Motion is unopposed by Haleon.

Dated: June 9, 2025

Respectfully submitted,

By: _/s/ Jonas Jacobson_

Jonas B. Jacobson (Cal. Bar No. 269912)*
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

_Interim Lead Class Counsel_

*Admitted Pro Hac Vice