UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
Nancy Calchi, individually and on behalf of all others             :
similarly situated,                                                :
                                                                   :
                                                                   :   Lead Case No. 7:22-cv-01341-KMK
                                                                   :
                          Plaintiff,                               :
                                                                   :
                                                                   :
       v.                                                          :
                                                                   :
                                                                   :
GlaxoSmithKline Consumer Healthcare Holdings (US)                  :
LLC, GSK Consumer Health, Inc., and Pfizer Inc.,                   :
                                                                   :
                          Defendants.                              :
                                                                   :
------------------------------------------------------------------ X
                                                                   :
Stacey Papalia, on behalf of herself and all others similarly     :
situated,                                                          :
                                                                   :
                                                                   :   Case No. 7:22-cv-02630-KMK
                                                                   :
                          Plaintiff,                               :
                                                                   :
                                                                   :
       v.                                                          :
                                                                   :
                                                                   :
GlaxoSmithKline Consumer Healthcare Holdings (US)                  :
LLC,                                                               :
                                                                   :
                          Defendant.                               :
                                                                   :
------------------------------------------------------------------ X

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**

Upon consideration of Plaintiffs' unopposed motion for final approval, the arguments presented at the final approval hearing held on June 30, 2025, and the entire record herein, and having reviewed the submissions of Counsel, the Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the

1

Definitions set forth in the Settlement Agreement. The Court **GRANTS** the Unopposed Motion for Final Approval of Class Action Settlement, and **ORDERS** as follows:

1. **Jurisdiction**. The Court has personal jurisdiction over all Parties to this Litigation, including all Settlement Class Members. And, pursuant to 28 U.S.C. §§ 1332 and 1367, the Court has subject matter jurisdiction over this Litigation, and all matters related to the settlement including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment. In particular, jurisdiction was restored to this Court through a remand from the United States Court of Appeals for the Second Circuit for the limited purpose of conducting proceedings related to the Parties' proposed settlement. ECF No. 54. The Court also finds that venue is proper in this District pursuant to 28 U.S.C. § 1391.

2. **Final Settlement Approval**. Having thoroughly reviewed the Settlement Agreement and exhibits thereto, and having considered the factors laid out in both Federal Rule of Civil Procedure 23, and in the Second Circuit's decision in *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), the Court finds that the settlement is fair, reasonable, and adequate. In particular, the Court finds:

    a. The Settlement Agreement was procedurally fair and attained following an extensive investigation of the facts, and provides reasonable relief to Settlement Class Members particularly given the substantial risk of continued litigation;

    b. The Settlement Agreement resulted from vigorous arm's-length negotiations aided by an experienced mediator, Bruce A. Friedman, Esquire;

        c.      The negotiations were undertaken in good faith by counsel with significant experience litigating complex litigation, class actions, and false advertising cases;

        d.      There is no evidence of collusion in reaching this Settlement Agreement;

        e.      The reaction of the Settlement Class favors approval.

3.    **Final Class Certification for Settlement Purposes Only**. The Court finds, based on the terms of the settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and that those questions of law and fact predominate over any questions affecting any individual Settlement Class Member; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability, efficiency, or judicial economy issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation. The Court further finds that the settlement, the benefits to the Settlement Class members, and all other aspects of the settlement are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act.

    Having made these findings in the specific context of this settlement, the Court hereby finally certifies, for settlement purposes, the Settlement Class that it provisionally certified in granting preliminary approval, ECF No. 60:

All purchasers of any flavor Robitussin product with dextromethorphan and marketed as non-drowsy, including Robitussin Cough+Chest Congestion DM Maximum Strength Syrups; Robitussin Cough+Chest Congestion DM Maximum Strength / Nighttime Cough DM Maximum Strength Day & Night Value Pack Syrups; Robitussin Cough+Chest Congestion DM Maximum Strength Liquid-Filled Capsules; Robitussin Cough+Chest Congestion DM Syrups; Children's Robitussin Cough & Chest Congestion DM Syrups; Children's Robitussin Cough & Chest Congestion DM / Nighttime Cough Long-Acting DM Day & Night Value Pack Syrups; Robitussin Sugar-Free Cough+Chest Congestion DM Syrups; Robitussin Honey Cough+Chest Congestion DM Maximum Strength Syrups; Robitussin Honey Cough+Chest Congestion DM Maximum Strength / Nighttime Cough DM Maximum Strength Day & Night Value Pack Syrups; Robitussin Elderberry Cough+Chest Congestion DM Maximum Strength Syrups; Children's Robitussin Elderberry Cough & Chest Congestion DM Syrups; Robitussin Severe Multi-Symptom Cough Cold + Flu CF Maximum Strength Syrups; Robitussin Severe Multi-Symptom Cough Cold + Flu CF Maximum Strength / Nighttime Severe Multi-Symptom Cough Cold + Flu CF Maximum Strength Day & Night Value Pack Syrups; Robitussin Severe Cough + Sore Throat CF Maximum Strength Syrups; Robitussin Honey Severe Cough Flu + Sore Throat CF Maximum Strength Syrups; Robitussin Honey Severe Cough Flu + Sore Throat CF Maximum Strength / Nighttime Severe Cough Flu + Sore Throat CF Maximum Strength Day & Night Value Pack Syrups; Robitussin Multi-Symptom Cold CF Syrups; Children's Robitussin Cough & Cold CF Syrups; Robitussin Long-Acting CoughGels; Robitussin 12 Hour Cough Relief Extended-Release Grape Syrups; Robitussin 12 Hour Cough Relief Extended-Release Orange Syrups for personal or household use, and not for resale, in the United States during the Class Period. Specifically excluded from the Settlement Class are (i) Haleon, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Haleon has a controlling interest; (ii) judges presiding over the Litigation; (iii) local, municipal, state, and federal governmental entities; (iv) counsel of record for the Parties; and (v) all Persons who validly opt-out in a timely manner.

As defined in the Settlement Agreement, the term "Class Period" means the time period from February 16, 2016 through January 23, 2025.

4. **Appointment of Class Counsel and Class Representatives.** The Court reaffirms its preliminary finding that Class Counsel and the Class Representatives are adequate and reaffirms its appointment of Dovel & Luner, LLP as Class Counsel and Plaintiffs Nancy Calchi and Stacey Papalia as Class Representatives.

4

5.      **Notice Distribution was Fair, Adequate, and Sufficient**. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Litigation and the terms of the Settlement Agreement, their right to exclude themselves from the settlement, or to object to any part of the settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law. The Court notes that no objection was submitted concerning the Notice Plan.

6.      **The Notice was Substantively Sufficient**. The Court finds that the form and content of the notice set forth in the Notice Plan and approved by the Preliminary Approval Order was reasonable and sufficient. The notice materials provided all information required by Federal Rule of Civil Procedure 23(c)(2)(B). *See* ECF No. 56-3 (showing notice materials). In particular, the notice explained (i) the nature of this litigation; (ii) the definition of the Settlement Class; (iii) the claims asserted by Plaintiffs; (iv) that Settlement Class Members could object and enter an appearance through an attorney; (v) that members of the Settlement Class could request to be excluded from the settlement; (vi) the deadlines and instructions for objecting to or requesting exclusion from the settlement; and (vii) the binding effect of a final judgment on Class Members. No Settlement Class Member is relieved from the terms of the Settlement Agreement, including the Release provided for therein, based upon the contention or proof that such Settlement Class

Member failed to receive actual notice of the settlement. A full opportunity has been offered to Settlement Class Members to object to or opt out of the proposed Settlement Agreement and to participate in the Final Approval Hearing thereon.

7. **Defendants Satisfied the Notice Requirements of the Class Action Fairness Act.** On August 1, 2024, Defendants, through the Settlement Administrator caused notice of the Settlement to be mailed to all the Attorneys General of all states and territories, as well as the Attorney General of the United States. Thus, Defendants have satisfied the notice requirements of 28 U.S.C. § 1715. No government official has objected or responded to this Settlement.

8. **Release of Claims.** As of the Effective Date, as defined in the Settlement Agreement, all Settlement Class Members, on behalf of themselves and, as to each Settlement Class Member's claims, their agents, heirs, executors, administrators, successors, assigns, insurers, and representatives (the "Releasing Parties"), shall release and forever discharge Haleon and its respective administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries, affiliates, and joint venture partners, and any sales agents and distributors, wholesalers, retailers, or any other party in the chain of distribution and retail sale of the Covered Products, and all of the foregoing Persons' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, insurers, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, regarding or related to the Covered Products, including, without limitation, their manufacture, purchase, use, marketing, promotion, or sale, and including, without limitation, all past, present, or future claims, damages, or liability on any legal or equitable ground whatsoever, known or unknown, that were or could have been asserted in the Litigation based on any assertion

or contention that the Covered Products, including their packaging, labels, sale, warranties, and/or any advertising or marketing whatsoever, was inaccurate, misleading, false, deceptive, fraudulent, or breached based on, relating to, or arising from the assertion, representation, or suggestion that the Covered Products are "Non Drowsy," do not cause drowsiness, or related or derivative statements, during the Class Period. Settlement Class Members, however, will not release any personal injury claims against the Released Parties.

9. All Releasing Parties will be deemed by the Final Approval Order and the Final Judgment to acknowledge and waive Section 1542 of the California Civil Code, which provides that: "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**." Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that the Releasing Parties are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In

furtherance of such intention, the Release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each Party expressly acknowledges that it has been advised by its attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits it may have had pursuant to such section. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Approval Order and the Final Judgment to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of the settlement of which this Release is a part.

10. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims. The Releasing Parties are permanently barred and enjoined from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on their behalf, any lawsuit, arbitration, or administrative, regulatory or other proceeding based on any Released Claims against the Released Parties (including any existing or future class proceeding). Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Litigation.

11. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Final Judgment except for the two members of the Settlement Class who have timely and validly opted out of the Settlement as identified in Exhibit I to the June 9, 2025 Declaration of Steven Weisbrot.

12. The finality of the Final Approval Order and Final Judgment shall not be affected by any order entered regarding the Settlement Class Counsels' motion for attorneys' fees and expenses and/or any order entered regarding the service awards to Plaintiffs which shall be considered separate from the Final Approval Order and Final Judgment.

13. If the Effective Date does not occur, the Final Judgment shall be deemed vacated and shall have no force or effect whatsoever. In the event that the parties rescind the Settlement Agreement in accordance with its terms, the Settlement Agreement and all related proceedings shall be null and void, except as provided in the Settlement Agreement, without prejudice to the status quo and rights of the parties. In such event, the certification of the Settlement Class shall become null and void and shall not be used or referred to for any further purpose in the Litigation or in any other action or proceeding, and shall not prejudice any party in arguing for or against the contested class certification in the Litigation or in any other proceeding. Further, in the event that the parties rescind the Settlement Agreement in accordance with its terms, any and all amounts then constituting the Settlement Fund (including all income earned thereon but excluding any taxes already paid on such income), shall be returned to Defendants pursuant to the terms of the Settlement Agreement.

14. **Dismissal with Prejudice**. As a result of the Settlement's **Final Approval**, the Parties are ordered to implement the terms of the Settlement Agreement, and this action is **DISMISSED WITH PREJUDICE**, with all Parties to bear their own costs and fees, except as provided for in the Settlement Agreement and as laid out in any orders by this Court regarding Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards.

15. **Retention of Jurisdiction**. Notwithstanding the forgoing, and without affecting the finality of this Order in any way, the Court shall retain jurisdiction related to the administration,

consummation, enforcement, and interpretation of the Settlement Agreement, this Order, and the Final Judgment, and for any other necessary purpose. The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the settlement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

　　a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

　　b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

　　c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

16.　　Without affecting the finality of this Final Approval Order or the Final Judgment, Defendants, Plaintiffs, and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

17. The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

18. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

19. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Approval Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

20. The Clerk of the Court is hereby directed to CLOSE THIS FILE.

**IT IS SO ORDERED.**

DATED:   July 25, 2025              _____
                                     Honorable Kenneth M. Karas